UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW M. FLORES,

            Petitioner,

    v.

WARDEN MARTINEZ, *et al*,

            Respondents.

Case No.  C06-5114RBL-KLS

REPORT AND RECOMMENDATION

Noted for February 5, 2007

      Petitioner is a state prisoner currently incarcerated at the Florence Correctional Center, located in Florence, Arizona.  This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer and petitioner has filed a reply to that answer.  Accordingly, petitioner's petition is now ripe for review.  After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court.  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. §

2244(d).  Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner was found guilty of two counts of child molestation in the first degree on October 19, 2000, pursuant to a bench trial in the Superior Court of Washington, Clark County. Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 1.  Because he had two convictions for first degree child molestation, petitioner was sentenced to a term of life in prison without the possibility of parole pursuant to Washington's Persistent Offender Accountability Act. Id., Exhibits 1 and 3; see RCW 9.94A.030(33)(b), 9.94A.570.

On November 1, 2002, the Washington State Court of Appeals, Division II, issued a decision denying petitioner's appeal of his conviction and sentence. Record, Exhibit 3.  The Washington State Supreme Court denied petitioner's petition for review of that decision on April 1, 2003. Id., Exhibit 8.  On April 17, 2003, the court of appeals issued its mandate, certifying that its November 1, 2002 decision became the decision terminating review on April 1, 2003. Id., Exhibit 9.

Petitioner filed a personal restraint petition with the Washington State Court of Appeals, Division

REPORT AND RECOMMENDATION
Page - 2

II, on October 30, 2003.[1] Id., Exhibit 10.  The court of appeals issued an order dismissing that petition on June 29, 2004. Id., Exhibit 12.  On October 1, 2004, petitioner filed a motion for discretionary review of that decision with the Washington State Supreme Court, which was denied by the Washington Supreme Court Commissioner on November 17, 2004. Id., Exhibits 13-14.

On March 2, 2005, the Washington State Supreme Court denied petitioner's motion to modify the Commissioner's ruling. Id., Exhibit 16.  The Washington State Court of Appeals, Division II, issued its certificate of finality on May 9, 2005, certifying that its June 29, 2004 decision became final on March 1, 2005. Id., Exhibit 17.  Petitioner filed his federal petition for writ of *habeas corpus* with this Court on February 27, 2006, although it was signed by him on February 22, 2006.[2] (Dkt. #1).

Based on the record before the Court, it appears that more than one year has passed since petitioner last challenged this matter at the state level, and thus that his federal *habeas corpus* petition is now time barred under the AEDPA's statute of limitations.  For purposes of review, petitioner's conviction became final on April 1, 2003. See Wixom v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001) (AEDPA's statute of limitations tolled from date court of appeals issues decision terminating review); White v. Klitzkie, 281 F.3d 920, 923 n.4 (9th Cir. 2002) (citing Wixom).  The one-year statute of limitations did not begin to run until July 1, 2003. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment).

The statute of limitations ran for a period of 120 days until October 30, 2003, the date petitioner filed his state personal restraint petition.  It was tolled until March 2, 2005, the date the Washington State Supreme Court denied petitioner's motion to modify the Commissioner's ruling dismissing his petition for

---

[1] This is the date petitioner signed his personal restraint petition.  While that petition was not actually date-stamped until November 7, 2003, respondent has indicated no objection to using the October 30, 2003 signature date, and presumably also the date of delivery to prison authorities for mailing, as the date petitioner filed in state court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").

[2] Again, respondent does not appear to object to the use of the date petitioner signed his federal *habeas corpus* petition as the filing date.

REPORT AND RECOMMENDATION
Page - 3

review. The statute of limitations then began to run again for another period of 245 days until November 3, 2005, when it expired. Petitioner waited an additional 111 days before filing his federal *habeas corpus* petition with this Court on February 22, 2006. Thus, the time that elapsed during which petitioner had no matter pending in state court and before he filed here was well over a year.

The only way petitioner may obtain review of his federal *habeas corpus* petition, therefore, is if he is entitled to equitable tolling. While the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Ignorance of the law, furthermore, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.

Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time. Petitioner argues that equitable tolling should apply in this case, asserting that he was prevented from timely filing his federal *habeas corpus* petition by the actions of the various prison agencies and officials who had control over him. Specifically, petitioner claims he was transferred to an institution in Nevada on May 17, 2003, at a time during which his direct appeal still was

being considered. Direct review of petitioner's appeal, however, became final when the Washington State Supreme Court denied his petition for review on April 1, 2003.

Petitioner next claims that he was not informed regarding computer access to Washington case law until July 1, 2003, and that such access was not available until some several months later, because the law library at his institution did not have a password allowing access until that time. He asserts that access to hard copies of Washington state and federal court rules, furthermore, was not provided until December 10, 2003. Petitioner, however, has not submitted any evidence showing that he could not gain computer access after early July 2003, due to the absence of a password. In addition, even if he did not have access to court rules in hard copy until early December 2003, this apparently did not prevent him from being able to file a personal restraint petition on October 30, 2003, in which he cited to state and federal case law and constitutional provisions, state court rules, and other legal resources. Record, Exhibit 10.

Petitioner further claims the institution where he was incarcerated at the time was placed on lock-down status on July 13, 2004, due to no fault of his own, and that as a result thereof, access to the law library was suspended until August 12, 2004. Even then, petitioner asserts, access to the law library was only on a very limited basis. Petitioner also states he filed a number of grievances concerning his lack of access to the law library, including an emergency grievance stating he needed such access in order to meet his court-appointed deadline. Petitioner, however, fails to show that he had any court-appointed deadline regarding the appeal of his conviction and sentence or filing of his personal restraint petition.

Indeed, it was not until October 1, 2004, that petitioner filed a motion for discretionary review of the June 29, 2004 Washington State Court of Appeals order dismissing his personal restraint petition. While petitioner argues that his law library access was very limited for at least some period of time after August 12, 2004, he fails to show how such limited access prevented him from filing his motion for discretionary review of the court of appeals' order earlier, particularly in light of the fact that previously he was able to file a 22-page personal restraint petition containing state and federal legal citations during a period in which he claims to have had <u>no</u> access to any legal resources.

With the possible exception of a few days in late January and early February 2005, during which petitioner claims access to the Washington case law computer database was unavailable, furthermore, he also fails to show why he waited nearly a year after the Washington State Supreme Court issued its final

REPORT AND RECOMMENDATION
Page - 5

1  decision regarding his personal restraint petition on March 2, 2005, before filing his federal *habeas corpus*
2  petition with this Court on February 22, 2006.  Thus, while petitioner argues equitable tolling should be
3  applied due to limited access to legal resources, the undersigned finds that to the extent such access was
4  limited, it did not prevent him from timely filing his federal *habeas corpus* petition.

## CONCLUSION

Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **February 2, 2007**, as noted in the caption.

DATED this 5th day of January, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge